■ KENNETH RHODES et al., Appellants, v. CITY OF TROY, Respondent.— HERLIHY, J. P. Appeal in a personal injury negligence action from a judgment and order dismissing the complaint at the close of the plaintiff's case. The accident occurred on December 21, 1959 when the plaintiff walking in the street — there were no sidewalks — fell to the ground when her foot was caught in a hole in the pavement. There was testimony that on the day of the accident the street was full of holes and ruts. While the plaintiff never gave notice of the condition of the street to the city, it does appear that a city alderman in April, 1959, wrote to the Commissioner of Public Works stating that the street was in "deplorable condition" and "do something" about it and that shortly thereafter, the holes were filled with gravel and stone, which was washed away with the next heavy rain storm. In the Fall of 1959, a petition signed by the residents living on the street was presented to the Superintendent of Public Works who, shortly thereafter, went to the scene, observed that the repairs previously made had been washed away and he additionally observed that "The pavement was gouged out by drainage" and that there were "Potholes and depressions". In describing the holes, he stated, "So from perhaps three or four inches in diameter or irregular shapes, up to a foot or more in diameter" and the condition existed generally in the street which was about 500 feet long and particularly in the location of the fall by the plaintiff. The order dismissing the complaint stated that the plaintiff had failed to prove actionable negligence; failed to give notice in accordance with Local Law No. 1 of the Local Laws of 1954 of the City of Troy; that any notice was vague and indefinite; failed to prove that the repairs were negligently made and that upon the record, the plaintiff was not entitled to recover. The plaintiff on this appeal is entitled to the most favorable version of the evidence and any reasonable inferences deduced therefrom. The evidence established a question of fact as to the negligence of the city and the freedom from contributory negligence and should have been submitted to the jury unless there was a failure to comply with the Local Law. Local Law No. 1 of the Local Laws of 1954 of the City of Troy required in substance that a written notice of the defective condition be given to the Superintendent of Public Works and that he shall have a reasonable length of time to make such repairs. The filing of a claim (not the issue here) shall be in accordance with section 50 of the General Municipal Law. The proof

presents a rather clear question of fact as to compliance with the Local Law. In the first instance, a city alderman complained to the Superintendent of Public Works by way of a letter of the " deplorable condition " and accompanied the Superintendent on a tour of the city streets, including the one in question, and as a consequence thereof the temporary repairs were made. Some months later, in the Fall of 1959, the Superintendent admitted that he was served with a written petition to repair the street, that he inspected the street, noted that the temporary repairs had proved inadequate and that because of the numerous holes in the pavement " You couldn't draw a straight line the way the holes were ". After reading this record, to say that the notice as to the condition of the street was " vague and indefinite " is to overlook substance and resort to form. The vivid description of the condition of the street, particularly the location where the plaintiff fell, leaves little to the imagination and renders baseless the allegation of vagueness and indefiniteness. The Local Law specified no particular type of written notice nor was it required to be given to any particular person. The form of notice given here, if not compliance as a matter of law, certainly was of such character as to present a factual issue for the jury's consideration. Judgment and order reversed, on the law and the facts and in the interest of justice, and a new trial ordered, with costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.